## Sellers v. Sharon Chrysler-Plymouth, Inc.

*Cyril I. Garvey,* for plaintiffs.

*P. Raymond Bartholomew* and *W. Allen Dill,* for defendants.

STRANAHAN, P. J., June 29, 1970.—This court has before it a preliminary objection in the nature of a request for a more specific pleading.

Plaintiffs have commenced an action in assumpsit and allege that they purchased a Chrysler automobile from the Sharon Chrysler-Plymouth, Inc., and that the automobile had a defect in it at the time of manufacture and at the time of its sale and delivery to plaintiffs.

There is no allegation as to what the defect was, but the pleadings continue by stating that the defect caused an electrical fire which demolished the car.

The complaint also states that defendant, Chrysler Motor Corporation, as the manufacturer, and defendant, Sharon Chrysler-Plymouth, Inc., as the seller and dealer, warranted to plaintiffs that the

automobile was of merchantable quality and was reasonably fit for the purpose for which it was sold.

Defendants contend in their preliminary objection that it is necessary that the defect be alleged in the pleadings.

In response to this, counsel for plaintiffs argues that MacDougall v. Ford Motor Company, 214 Pa. Superior Ct. 384, is authority for their position that the defect need not be pled in order to permit recovery.

We do not agree with this contention. MacDougall v. Ford Motor Company, supra, is not a case dealing with the question of pleadings, but rather is a case dealing with the question of proof. This case holds, among other things, that the occurrence of a mechanical malfunction is evidence of a "defective condition" without proof of the specific defect in design or assembly causing the malfunction.

Such being the case, it may well be that plaintiffs by proving the circumstances surrounding the fire which ultimately destroyed their car could prove the defective condition by this evidence, but we do not find any indication that they are relieved of their duty of initially pleading the defect itself.

To permit plaintiffs to plead a mechanical malfunction without pleading the defective condition would place an unfair burden upon defendants, because it would seriously handicap defendants in preparing their case for trial and securing the services of expert witnesses.

We, therefore, rule that plaintiffs must allege the specific defect upon which they intend to rely.

Plaintiffs contend that they have pled an implied warranty in their pleadings and that that is sufficient. We agree that, if this is what plaintiffs intend to do, their pleadings are sufficient, and we hold that if plaintiffs are relying upon an implied warranty, then there is no need for them to plead further. If, however,

they intend to rely on an express warranty in any way, then their pleadings should state that.

## ORDER

And now, June 29, 1970, the preliminary objection in the nature of a motion for a more specific pleading is sustained, and it is directed that plaintiffs shall, within 20 days from the date of this order, file an amended pleading setting forth the specific defect upon which they rely.

It is further ordered that if plaintiffs intend to plead only an implied warranty, the allegations set forth in paragraph 8 are sufficient, but, on the other hand, if plaintiffs intend to rely on an express warranty in addition to the implied warranty then they must amend their pleadings to set forth allegations of an express warranty, and they are given 20 days from the date of this order to do that.